**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2698-16T3

IN THE MATTER OF
THOMAS J. EVANS
PUBLIC EMPLOYEES' RETIREMENT
SYSTEM ENROLLMENT ELIGIBILITY.

_____

Argued April 23, 2018 — Decided July 24, 2018

Before Judges Fasciale and Sumners.

On appeal from the New Jersey Department of
Treasury, Division of Pensions and Benefits.

Michael A. Casale argued the cause for
appellant Thomas J. Evans.

Nicholas L. DePaolo, Deputy Attorney General,
argued the cause for respondent Board of
Trustees, Public Employees' Retirement System
(Gurbir S. Grewal, Attorney General, attorney;
Melissa H. Raksa, Assistant Attorney General,
of counsel; Nicholas L. DePaolo, on the
brief).

PER CURIAM

Thomas J. Evans, a Nutley Township (the Township) elected
official, appeals the final agency decision of the Board of
Trustees (Board), Public Employees' Retirement System (PERS), that
he is ineligible to enroll in its pension system because he was

not enrolled — despite his request to a Township employee to do so — prior to a change in the law that prevented his enrollment. Evans contends that the error in not enrolling him should be rectified by the Board through the correction of error statute, N.J.S.A. 43:15A-54. Because the Board failed to address Evans' argument that the error should be corrected, we remand.

We briefly summarize the essential facts in the record before the Board. Evans was elected as a Commissioner for the Township in 2003, and has been continuously re-elected through the time period relevant to this appeal. With his election, he had the option to enroll in PERS under N.J.S.A. 43:15A-7 because he was not a military veteran.[1] Evans contended he exercised that option by asking the Township payroll clerk to enroll him. He further contended that, after noticing he had not received any information from PERS regarding his pension, he inquired with the payroll clerk, who reportedly claimed she would look into the situation. However, Evans later discovered that he had not been enrolled.

On two occasions in 2009, the Township electronically submitted Evans' application for PERS' enrollment; however, it was rejected because of reform legislation, Chapter 92, P.L. 2007.

---

[1] N.J.S.A. 43:15A-7 made it mandatory for PERS enrollment of an elected official who qualified as a military veteran.

Under the new law, elected officials who had not been enrolled in PERS prior to July 1, 2007, were ineligible to enroll.[2]  N.J.S.A. 43:15A-7(d).

It was not until four years later that Evans followed up with PERS by writing an October 24, 2013 letter to the agency detailing how the former payroll clerk had mistakenly failed to satisfy his request to enroll him in PERS.  Two months later, the Acting Director, Divisions of Pensions and Benefits, wrote to a State assemblyman in response to his inquiry regarding Evans' eligibility to enroll in PERS; explaining that Evans was not eligible because he failed to enroll prior to the July 1, 2007 effective date of the new law, which no longer allowed PERS enrollment "to any previously elected official who had not exercised his or her option to enroll in the [PERS] retirement system."[3]

After corresponding with the Governor's Counsel and the Board Secretary, the Township's Attorney, on September 2, 2016,

---

[2]  Moreover, the enrolled elected official had to be continuously elected and enrolled after July 1, 2007 to remain in PERS. N.J.S.A. 43:15A-7(d).

[3]  Under the new legislation, the Defined Contribution Retirement Program was created for eligible public officials who had not been enrolled in PERS prior to July 1, 2007, or if enrolled before that date, failed to maintain continuous membership thereafter. N.J.S.A. 43:15C-2.

forwarded the Board Secretary affidavits from Evans and three other Township officials concerning Evans' efforts to enroll in PERS. No affidavit was submitted from the aforementioned payroll clerk because she passed away in 2009. In Evans' affidavit, he requested that the Board consider correcting the Township's error in not enrolling him "consistent with the [Board's] authority established in the [c]orrection of [e]rrors [s]tatute, N.J.S.A. 43:8A-21." The statute provides:

> Any person who shall knowingly make any false statement or shall falsify or permit to be falsified any record or records of the pension fund in any attempt to defraud such pension fund as a result of such act shall be guilty of a misdemeanor and shall be punishable therefor under the laws of the State of New Jersey. Should any change or error in the records result in any member or person receiving from the pension fund more or less than he would have been entitled to receive had the records been correct, the board of trustees shall correct such error, and as far as practicable, shall adjust the payments in such manner that the actuarial equivalent of the benefit to which such member or beneficiary was correctly entitled shall be paid.
>
> [N.J.S.A. 43:8A-21.]

At its meeting on September 21, the Board considered the affidavits, but determined that Evans was not eligible to enroll in PERS because no enrollment application was submitted for him. In the Board Secretary's September 22 letter to Evans summarizing

the Board's decision, there was no mention that the Board considered but rejected application of the correction of errors statute to enroll him into PERS. The Board's meeting minutes reflecting its decision also made no mention of the statute.

Evans appealed the Board's decision; contending the Board did not address whether he should be eligible to enroll under "the [c]orrection of [e]rrors [s]tatute, N.J.S.A. 43:8A-21" and requested a hearing before the Office of Administrative Law (OAL). The Board, finding the appeal was solely a question of law, declined to transmit the matter to the OAL as a contested hearing, and denied the appeal for the same reasons expressed in the minutes of the September 21 Board meeting and in the Board Secretary's September 22 letter. Again, there was no consideration of enrolling Evans into PERS retroactively based upon a correction of the payroll clerk's alleged error.

Before us, Evans contends that the Board should have enrolled him nun pro tunc because even though the pension reform legislation that makes it ineligible for him to enroll in PERS after July 1, 2007, a different correction of errors statute, N.J.S.A. 43:15A-54, should have been applied to alleviate the payroll clerk's failure to enroll him three years before the effective date of the pension reform. Evans no longer relies upon N.J.S.A. 43:8A-21 as

a basis to gain enrollment in PERS as he previously did before the Board. N.J.S.A. 43:15A-54 provides:

> If any change or error results in an employee or beneficiary receiving from the retirement system more or less than he would have been entitled to receive, then on discovery of the error, the retirement system shall correct it and, so far as practicable, adjust the payments in such a manner that the actuarial equivalent of the benefit to which he was correctly entitled shall be paid.
>
> The application of any member for prior service credit or credit for all previous service shall be approved if the employer, for whom the service was rendered stipulates, in writing, to the retirement system that the information necessary for the award of such credit was not presented to the employee and agrees to make the necessary additional contribution to the contingent reserve fund and the employee makes the required contributions, if any.
>
> [N.J.S.A. 43:15A-54.]

Evans cites the long-standing decision in Burkhart v. Pub. Emps. Ret. Sys., State, Dep't of Treasury, 158 N.J. Super. 414, 421 (App. Div. 1978), which involved the calculation of the petitioners' costs to purchase credit for missed time of PERS enrollment, where this court held "N.J.S.A. 43:15A-54 was adopted . . . as a provision for the correction of errors, both as to the amount of pension benefits and the inclusion of members erroneously excluded by prior oversights." He further relies upon Cavalieri v. Bd. of Trs. of Pub. Emps. Ret. Sys., 368 N.J. Super. 527, 539

6

(App. Div. 2004) (quoting Burkhart, 158 N.J. at 423), where we ruled that "[t]he statute 'should be liberally construed and administered in favor of the persons intended to be benefited thereby.'"

Our role in reviewing the decision of an administrative agency is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We accord a strong presumption of reasonableness to an agency's exercise of its statutorily delegated responsibility, City of Newark v. Nat. Res. Council, 82 N.J. 530, 539 (1980), and defer to its fact finding, Utley v. Bd. of Review, 194 N.J. 534, 551 (2008). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. Lavezzi v. State, 219 N.J. 163, 171 (2014); Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963).

Here, we are unable to determine whether the Board violated its legislative policies because it failed to address Evans' contention that the payroll clerk's error — which is seemingly accepted by the Board given its focus on the conclusion that no enrollment application for Evans was submitted and that there was no disputed fact requiring a contested hearing — in not enrolling him into PERS should be corrected retroactively by the Board. We are mindful that Evans now cites N.J.S.A. 43:15A-54 and its

interpretation in <u>Burkhart</u>, and not N.J.S.A. 43:8A-21 as he did before the Board. Nevertheless, Evans made the Board fully aware that he was seeking relief under a correction of error theory. In fact, after the Board's initial rejection of his request to be enrolled in PERS, he appealed to the Board arguing that the Board failed to "dispute" his argument that the payroll clerk's error should be corrected under N.J.S.A. 43:8A-21 to effectuate his enrollment. The Board is obligated to interpret and apply statutes under its purview; it should have considered the applicability of N.J.S.A. 43:8A-21, as well as N.J.S.A. 43:15A-54 given the factual circumstances presented by Evans' enrollment request.

Accordingly, we are constrained to remand this matter to the Board to fully consider and state its conclusions regarding these legal issues. We leave it to the Board's discretion to allow any additional legal arguments to be raised. Of course, we take no position as to whether Evans is entitled to enrollment in PERS under either correction of error statute discussed herein.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2698-16T3